UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

THE FRESH MARKET, INC.
d/b/a The Fresh Market, Coconut Grove

    Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant The Fresh Market, Inc. ("Defendant") doing business as The Fresh Market supermarket at Coconut Grove for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

1

**PARTIES**

4.     Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5.     Defendant The Fresh Market, Inc. is a foreign corporation authorized to transact business in the state of Florida. The Fresh Market, Inc. is a privately held corporation which is owned by Apollo Global Management, LLC, which is a leading global alternative investment manager. The Fresh Market, Inc. is an American chain of gourmet supermarkets based in Greensboro, North Carolina which operates 176 stores with 13,000 employees. Its stores are located in 24 states including the Southeast, Midwest, Mid-Atlantic and Northeast, with plans for continued expansion throughout the country.

6.     Defendant leases its Fresh Market supermarket location at 2640 South Bayshore Drive, Miami, Florida 33133 from the City of Miami.

**FACTS**

7.     The Fresh Market is a branded gourmet supermarket chain which sells general and gourmet grocery items and has specialized departments for produce, meat, seafood, and baked goods. All Fresh Market supermarkets are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). The Fresh Market supermarket located at 2640 South Bayshore Drive which is the subject of this complaint is also referenced as "Fresh Market gourmet supermarket," "The Fresh Market

gourmet supermarket at Coconut Grove," "supermarket," or "place of public accommodation."

8. As the operator of gourmet supermarkets which are open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a supermarket; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to the close proximity to Plaintiff's home to The Fresh Market gourmet supermarket at Coconut Grove, on July 8, 2021 Plaintiff went to the supermarket to shop for groceries.

10. On entering The Fresh Market gourmet supermarket, Plaintiff had difficulty parking and perambulating to the supermarket entrance due to the excessive slope of the parking area. Further, while Plaintiff was shopping, he went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair. Plaintiff also was unable to utilize the outdoor seating area as the exterior seating area is non-compliant.

11. Due to the inaccessible restroom facilities, non-complaint parking area and outdoor seating at The Fresh Market gourmet supermarket at Coconut Grove, Plaintiff has been denied full and equal access to the place of public accommodation.

12. On information and belief, Defendant is well aware of the ADA and the need to provide for equal access in all areas of its supermarkets. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that it's The Fresh Market gourmet supermarket at Coconut Grove is fully accessible is/was willful,

malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13.     As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

14.     Plaintiff continues to desire to patronize The Fresh Market gourmet supermarket at Coconut Grove, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

15.     Any and all requisite notice has been provided.

16.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

17.     The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

18.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

4

42 U.S.C. §12101(b)(1)(2) and (4).

19. Prior to the filing of this lawsuit, Plaintiff personally visited The Fresh Market gourmet supermarket at Coconut Grove, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers on entry, when he went to the restroom, and when he attempted to sit in the outdoor seating area. Therefore, Plaintiff has suffered an injury in fact.

20. Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at The Fresh Market gourmet supermarket at Coconut Grove, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

21. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at The Fresh Market gourmet supermarket at Coconut Grove.

22. Defendant is governed by the ADA and must be in compliance therewith. Defendant has discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

23. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under

which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

24. The Fresh Market gourmet supermarket at Coconut Grove is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, Defendant is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on slopes over 2.1%, violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design. The slope of the parking lot is further in violation of 2010 ADA Standards for Accessible Design Section 207.1 and Section 403.3 which states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped. See also Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

   ii. Plaintiff had additional difficulty exiting his vehicle because the accessible parking space access aisles are located on a slope in excess of 2.1%, violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design. This additional difficulty meant that Plaintiff could not perambulate with ease to the entrance of the supermarket due to the failure to provide accessible means of egress from the parking spaces to the supermarket.

   iii. Plaintiff could not enter the men's restroom without assistance, as the door does not have the required door pressure. The restroom door opening force resulted in the

        need for excessive weight/force to open/close. This is violative in many areas: The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. Section 404.2.7 states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum, and 404.2.8.2 delineates door closing speed. The door pressure is in in violation of all applicable code sections.

iv. Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the toilet tissue dispenser is mounted over the side wall grab bar which infringes on the required space. This is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

v. Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of 2010 ADAAG §§604, 604.7 which states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not

        allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

vi. Plaintiff could not use the lavatory sink (inside the stall) without assistance, as the lavatory sink does not provide the appropriate knee clearance of at least 27 in (685 mm) high 30 in (760 mm) wide, and 19 in (485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3; 2010 ADA Standards for Accessible Design and Sections 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

vii. Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

viii. Plaintiff could not sit in the outdoor seating area as non-disabled, non-wheelchair bound patrons are able to do because the exterior seating does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards for Accessible Design.

25. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendant is required to make The Fresh Market gourmet supermarket at Coconut Grove accessible to persons with disabilities since January 28, 1992. Defendant failed to comply with this mandate.

26. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the place of public accommodation

such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant The Fresh Market, Inc. as related to its gourmet supermarket located at 2640 South Bayshore Drive, Miami, Florida 33133 and requests the following relief:

a) The Court declare that Defendant has violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities;

c) The Court enter an Order requiring Defendant to alter the commercial property and Fresh Market gourmet supermarket at Coconut Grove such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 10th day of August 2021.

Respectfully submitted,

<u>/s/ J. Courtney Cunningham</u>
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*
